UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 95-5833

FREDERICK SHULER, III,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Richard C. Erwin, Senior District Judge.
(CR-95-129)

Submitted: August 22, 1996

Decided: September 12, 1996

Before RUSSELL, HALL, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

D. Thomas Lambeth, Jr., HEMRIC, LAMBETH & CHAMPION,
P.A., Burlington, North Carolina, for Appellant. Walter C. Holton, Jr.,
United States Attorney, Robert M. Hamilton, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Frederick Shuler, III, pled guilty to two counts of possession of crack cocaine with intent to distribute and one count of possession of powder cocaine with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1996). He appeals his 108-month sentence alleging that the district court clearly erred in enhancing his sentence for possession of a firearm. United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) (Nov. 1994). We affirm.

Shuler sold crack to an undercover agent on two occasions. A third transaction for powder cocaine was arranged and Shuler was arrested when he arrived to make the sale. Shuler's girlfriend subsequently consented to a search of the apartment they shared. In the apartment, investigators found 32.7 grams of powder cocaine and 22.9 grams of crack in the bathroom. On the sofa in the living room was a loaded semi-automatic Glock pistol with a laser sight.

A two-level enhancement is made when a firearm or other dangerous weapon is possessed during a drug offense, USSG§ 2D1.1(b)(1), or in preparation for it. USSG § 1B1.3(a). The enhancement is appropriate if the weapon is present unless the evidence shows that it is clearly improbable that the weapon was connected to the offense. USSG § 2D1.1, comment. (n.3). Whether a firearm is present in the sense which justifies an enhancement is a factual question reviewed under the clearly erroneous standard. United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990).

Shuler objected to the probation officer's recommendation that the enhancement be made, but he presented no evidence at the sentencing hearing on which the district court could have made a finding that the weapon was not connected to the offense.* Because the firearm was present in his apartment with drugs which he intended to distribute, the district court did not clearly err in making the enhancement.

_____

*Defense counsel proffered that Shuler bought the gun for his girlfriend's protection. However, neither Shuler nor his girlfriend, who was present at the sentencing hearing, testified about the matter.

2

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3